SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

August 11, 2016

Shaun E. Carpenter, SBI 00563667
Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE:   *State v. Shaun E. Carpenter*
      ID No. 1305007301

Dear Mr. Carpenter:

Before the Court is Shaun E. Carpenter's ("Defendant") motion for postconviction relief. He bases his request for postconviction relief on three grounds: (1) an ex post facto violation; (2) ineffective assistance of counsel; and (3) prosecutorial misconduct.

Defendant was indicted on thirteen drug and gun related charges. Ten of the charges were felonies, including Aggravated Possession, a Class B felony, and Possession of a Firearm During the Commission of a Felony, also a Class B felony. As part of a plea agreement, Defendant agreed to plead guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") as codified at 11 *Del. C.* § 1448. The underlying offense occurred on May 10, 2013. At the time of the offense, Defendant had previously been convicted on two or more separate occasions of a violent felony. Thus, at the time of the offense, the statutory minimum sentence for a person with Defendant's criminal background was five years and, because the offense was a Class D felony, the maximum sentence was eight years.[1] On July 18, 2013, 11 *Del. C.* §

---

[1] The minimum sentence of five years is based on the version of 11 *Del. C.* § 1448(e)(1)(c) that was in effect at the time of the offence. This version mandated a minimum sentence of five years "if the person has been convicted on 2 or more separate occasions of any violent felony." The maximum sentence of eight yeas is based on the version of 11 *Del. C.* § 1448 (c) that was in effect at the time of the offense. This version designated the offense a Class D felony. 11 *Del. C.* § 4205(b)

1448 was amended to change the mandatory minimum sentence for a person with two or more violent felonies from five years to ten years, and the felony designation was changed from Class D to Class C.[2] The July 18, 2013 amendment effectively changed the sentence range for a person with Defendant's background from five to eight years at Level V, to ten to fifteen years at Level V.

The Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form") presented to the Court at the plea and sentencing hearing showed the minimum mandatory sentence for PFBPP to be ten years. This was incorrect because, as previously noted, the minimum mandatory sentence at the time of the offense was five years. Prior to the colloquy, the State brought the error to the Court's attention. The State informed the Court that the mandatory minimum sentence was five years without considering Defendant's habitual offender status.[3] The Court's colloquy informed Defendant that he would face a minimum of five years and up to ten years of imprisonment for the PFBPP charge. If sentenced under the statute in effect at the time of the offense, the correct sentence range should have been a minimum of five years based on Defendant's previous record, and a maximum of eight years because the offense was a Class D felony. The Court accepted Defendant's plea of guilty on May 5, 2014.

On the State's motion before sentencing, Defendant was declared a habitual offender. The habitual offender statute allows a maximum sentence of life in prison and requires a minimum sentence "which shall not be less than the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be a habitual criminal."[4] Because the fourth felony was a Class D felony at the time of the offense, the statutory minimum sentence under the habitual offender statute should have been eight years. During the colloquy, the Court informed Defendant that

---

states that the term of incarceration which the Court may impose for a Class D felony is eight years to be served at Level V and has not changed since the time of the offense.

[2] 11 *Del. C.* § 4205(b) states that the maximum term of incarceration that the Court may impose for a Class C felony is up to fifteen years to be served at level V.

[3] *State v. Carpenter*, Del. Super., ID No. 1305007301 (May 5, 2014) Tr. at 5.

[4] 11 *Del. C.* 4214(a).

because he may in fact be a habitual offender, the sentence range would be ten years to life. The correct sentence range should have been eight years to life.

*There was no ex post facto violation because Defendant was not sentenced to a punishment greater than that prescribed when the offense occurred*

"Generally, a criminal law violates the Ex Post Facto Clause of the United States Constitution if: (1) the law applies to events occurring prior to its enactment; and (2) the changed law adversely affects the offender."[5] In *Weaver v. Graham*, the United States Supreme Court stated "[c]ritical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated."[6] What is material to an ex post facto claim is whether the revised statute increases the punishment beyond that prescribed when the offense was committed, not whether the previous statute allowed for a greater or lesser minimum mandatory sentence.

In this case, Defendant was sentenced to a term of incarceration that was well within the statutory requirements in effect at the time of the offense. The habitual offender statute in effect when Defendant committed the offense and the revised statute both allow for a maximum sentence of life in prison. Because Defendant was on notice at the time the offense was consummated that his actions could lead to a maximum sentence of life imprisonment, there is no ex post facto violation. Postconviction relief based on an ex post facto violation is denied.

*Defendant has failed to show a reasonable probability that he would not have pleaded guilty and would have proceeded to trial.*

"To prevail on a postconviction claim of ineffective assistance of counsel in the context of a guilty plea, a movant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's

---

[5] *Bailey v. State*, 588 A.2d 1121, 1124 (Del. 1991).

[6] *Weaver v. Graham*, 450 U.S. 24, 30 (1981).

unprofessional errors, there is a reasonable probability that the movant would not have pleaded guilty and would have insisted on going to trial."[7] To succeed on the basis of ineffective assistance of counsel, the Court must be convinced that there was a reasonable probability that Defendant would not have pleaded guilty and would have insisted on going to trial if he had known that the statutory minimum sentence was eight years as opposed to ten years.

Defendant does not claim he would not have gone to trial. In his Supplemental Reply Brief to Counsel's Affidavit, Defendant simply asks that the Court resentence him to the mandatory minimum. Moreover, even if the Court assumes *arguendo* that defense counsel's representation fell below an objective standard of reasonableness, it is not reasonable to believe that Defendant would not have pleaded guilty and would have insisted on proceeding to trial if he had known the mandatory minimum was eight years. This is especially true when one considers that the indictment included ten felony offenses and that Defendant was facing a possible life sentence as a habitual offender. The Court finds that there was not a reasonable probability that Defendant would have rejected the plea offer and would have insisted on going to trial if he had been aware of the eight year mandatory minimum sentence.

To the extent that Defendant alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[8] At the guilty-plea hearing, the Court asked Defendant whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Defendant if he understood he would waive his constitutional rights if he pled guilty; if he understood each of the constitutional rights listed on the Guilty Plea Form; and whether he gave truthful answers to all the questions on the form. The Court asked Defendant if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Defendant if he was giving the plea of his own free will because he was satisfied that the State had sufficient evidence to convict him. The Court also asked Defendant if he was

---

[7] *Grayson v. State*, 2016 WL 2935027, at *2 (Del. May 16, 2016).

[8] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

satisfied with this counsel's representation. Defendant answered each of these questions affirmatively.[9]

Furthermore, prior to entering his guilty plea, Defendant signed a Guilty Plea Form and Plea Agreement in his own handwriting. Defendant's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Defendant is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[10] Postconviction relief based on ineffective assistance of counsel is denied.

*There was no prosecutorial misconduct and Defendant suffered no prejudice in being sentenced to a period of incarceration that fell well within the statutory guidelines*

Defendant's claim of prosecutorial misconduct asserts that the State mislead the Court regarding the minimum and maximum sentence for the charged offense. Defendant alleges that the Court was prevented from exercising its discretion to give a lesser sentence, and notes that the Court imposed what the State represented to be the minimum sentence. Defendant's argument that he should be resentenced to the statutory minimum is unavailing. Although there was a misunderstanding as to the minimum period of incarceration for someone declared a habitual offender after being convicted of a Class D felony, this does not *ipso facto* require resentencing.

At no point in the sentencing proceedings did the Court state that it was sentencing Defendant to the minimum mandatory sentence. Counsel for Defendant explained to the Court that both the defense and the State were in agreement that an appropriate sentence in Defendant's case would be ten years.[11] The Court noted that the plea agreement was highly negotiated and was therefore following the sentencing

---

[9] Transcript of Plea and Sentencing at 6-20.

[10] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[11] Transcript of Plea and Sentencing at 18.

recommendation.[12] Defendant presented no evidence showing that the State would have offered anything less than a ten year sentence, his argument fails. Moreover, Defendant does not suggest the guilty plea would have been withdrawn if he had been aware that the statutory minimum was eight years.

Based on the foregoing, the Defendant's motion for postconviction relief is **DENIED.**

**SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLWJr./dsc
oc:   Prothonotary
cc:   Jason C. Cohee, Esquire
        Suzanne Macpherson-Johnson, Esquire
        Shaun E. Carpenter, VCC

---

[12] Transcript of Plea and Sentencing at 20.